IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NORTH AVENUE CAPITAL, LLC,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:22-cv-00168

RANGER SCIENTIFIC LLC,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff North Avenue Capital, LLC's ("NAC") Motion for Leave to Amend Complaint. [ECF No. 29]. For the reasons stated herein, NAC's motion is **DENIED**.

I.    Background

On April 7, 2022, NAC filed its Complaint seeking declaratory judgment. [ECF No. 1]. Specifically, NAC requests that the court "declare the rights and obligations of the parties arising from a $7.5 million USDA guaranteed commercial loan from NAC to Ranger [Scientific, LLC ("Ranger")] for the development of its ammunitions manufacturing facility located in Montgomery, West Virginia." *Id.* ¶ 1. On July 14, 2022, the court entered a Scheduling Order, which set November 3, 2022, as the deadline for the amendment of pleadings. [ECF No. 25]. On November 23, 2022, after the deadline for amending pleadings had expired, NAC filed the instant Motion for Leave to Amend Complaint. [ECF No. 29]. In its motion, NAC seeks the court's

permission to "amend its Complaint to add a claim for breach of contract based on the same loan agreement that forms the basis of the Original Complaint." *Id.* ¶ 4. Ranger filed its Response on December 7, 2022. [ECF No. 33]. NAC replied on December 14, 2022. [ECF No. 34]. The motion is ripe for review.

## II. Standard of Review

In order to amend after an established deadline, "a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W. Va. 1995).

Under Rule 16(b), a party seeking to amend a scheduling order must demonstrate "good cause," which depends "primarily [on] the diligence of the party seeking the amendment." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). In assessing whether good cause has been shown, the court "focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty.*, 182 F. App'x 156, 162 (4th Cir. 2006). "If th[e] [moving] party was not diligent, the inquiry should end." *Marcum*, 163 F.R.D. at 254 (quoting *Johnson*, 975 F.2d at 609).

Rule 15(a)'s more liberal standard, on the other hand, requires the court to analyze "the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party." *Id.* Under Rule 15, "[t]he court should freely give

2

leave when justice so requires." Fed. R. Civ. P. 15(a). Such "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III. Discussion

Ranger argues that NAC cannot establish good cause under Rule 16(b) because NAC knew about "the alleged [breach of contract] at the time of the filing of [its] Original Complaint [but] . . . chose not to bring [that] cause of action." [ECF No. 33, at 7].

The Fourth Circuit has explained that if the party moving for leave to amend "knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial complaint, then the party cannot establish good cause under Rule 16." *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020). Moreover, courts in this circuit routinely find that good cause to amend a complaint does not exist where the plaintiff knew of the facts supporting the proposed claim prior to the expiration of the amendment deadline. *See, e.g.*, *Pinnacle Advisory Grp., Inc. v. Krone*, No. ELH-19-2988, 2021 WL 1909604, at *5 (D. Md. May 12, 2021) (denying the plaintiff's motion for leave to amend its complaint where the plaintiff "gained access to the information underlying the proposed . . . claim" over a month before the deadline for amendment yet failed to timely seek leave to amend); *Hutton v. Hydra-*

3

*Tech, Inc.*, No. 1:14-cv-888, 2017 WL 2462646, at *4 (M.D.N.C. June 6, 2017) (recommending that the plaintiff's motion for leave to amend after the amendment deadline be denied because the plaintiff knew of the facts that formed the basis for the proposed claim and "those facts could have been included in a timely motion to seek leave to amend").

Here, NAC admits that it knew months before filing the instant motion that Ranger had allegedly failed to comply with the loan agreement. [ECF No. 34, at 3–4; ECF No. 29, ¶ 12 ("Plaintiff did not assert its breach of contract claim in the original complaint because it was attempting to resolve Defendant's default of the loan without court intervention.")]. NAC's proposed amended complaint contains several breaches of the loan agreement by Ranger, all of which were known to NAC prior to the amendment deadline. For example, NAC alleges that Ranger breached the loan agreement by "[f]ail[ing] to pay NAC monthly principal and interest payments . . . since January 1, 2022," "[f]ail[ing] to provide NAC with . . . Annual Financial Statements . . . by April 1, 2022," and "[f]ail[ing] to provide NAC with an Annual Compliance Certificate executed by [Ranger]'s chief financial officer by April 1, 2022." [ECF No. 29-1, ¶ 25]. These alleged breaches of contract not only arose before the amendment deadline, but they were also known to NAC before it filed its Complaint on April 7, 2022. NAC further states that the focus of its proposed amended complaint is on Ranger's depletion of the Reserve Accounts, which had substantial funds at the time NAC filed its Complaint. [ECF No. 34, at 4]. However, NAC's allegation that

4

"Ranger has failed and refused to make any of its required payments" "as time has elapsed," *id.*, suggests that this breach too has been persistent and ongoing since before the deadline to amend.

As a defense, NAC contends that it "has not acted with undue delay in seeking leaving to amend" because before it filed the instant motion, "it was attempting to resolve [Ranger]'s default of the loan without court intervention." [ECF No. 29, ¶ 12]. NAC alleges that it notified Ranger of its default and gave Ranger "an opportunity to cure pursuant to notices dated June 3, 2022, July 15, 2022, October 7, 2022[,] and November 14, 2022," but Ranger "refused to remedy any of its defaults." [ECF No. 29-1, ¶¶ 19, 21]. Notably, three of these opportunities to cure were offered prior to the November 3, 2022 amendment deadline. The record indicates that Ranger gave NAC every reason to bring a breach of contract claim against it; however, NAC chose not to seek leave to do so until after the deadline for amendment had expired. NAC's delay is inconsistent with diligence, and thus with good cause.[1] Because NAC cannot demonstrate good cause for granting its motion, I need not address the Rule 15(a)(2) standard.

---

[1] To be clear, my denial of NAC's Motion for Leave to Amend Complaint expresses no opinion on whether NAC could succeed on the merits of a breach of contract claim, nor does it serve as a bar to NAC pursuing a separate breach of contract action.

5

## IV. Conclusion

For the foregoing reasons, NAC's Motion for Leave to Amend Complaint [ECF No. 29] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 6, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE